UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REGINALD LADALE WILLIAMS,           )
                                    )   Case Number: 3:17-cv-1261-J-32MCR
                Plaintiff,          )
                                    )
v.                                  )
                                    )
TOWN OF WHITE SPRINGS, FLORIDA,     )   **COMPLAINT**
a municipality of the State of Florida, )
                                    )
                Defendant.          )
                                    )
_____)

The Plaintiff Reginald Ladale Williams, by and through his undersigned attorney, sues

the Defendant Town of White Springs, Florida, a municipality of the State of Florida, and states:

### Introduction

1.      This is an action for damages exceeding $75,000.00, exclusive of interest and

costs, and for other relief permitted by law, as a result of the Defendant's deprivation and

reckless disregard of the Plaintiff's Constitutional rights and privileges guaranteed by the Fourth

Amendment, the Fifth Amendment and the Fourteenth Amendment to the United States

Constitution; 42 U.S. C. § 1983 and §1988 and the laws of the State of Florida.

### Jurisdiction and Venue

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, §1343,

and 42 U.S.C. §1983 and §1988.  This Court has supplemental jurisdiction over the state law

claims for false arrest and false imprisonment pursuant to 42 U.S.C. §1367.  Venue is proper

pursuant to 28 U.S.C. § 1391 in that the deprivation and reckless disregard of the Plaintiff's

1

Constitutional rights and privileges, the false arrest, the false imprisonment, all events and/or all omissions giving rise to this action occurred in this U.S. District, the Middle District of Florida; the Plaintiff resides in this U.S. District and the Defendant has its primary place of business and/or offices in this U.S. District.  All conditions precedent have been performed or have occurred.

**Parties**

3.    At all times material hereto, the Plaintiff Reginald Ladale Williams was and is a resident of White Springs, Hamilton County, Florida.

4.    At all times material hereto, the Defendant Town of White Springs, Florida was and is  a municipality of the State of Florida, which may sue and be sued.  At all times material hereto, the Town of White Springs operated various departments including the White Springs Police Department (hereinafter referred to as the "WSPD"), a law enforcement agency of the State of Florida.  The Town of White Springs, Florida operated and maintained the White Springs Police Department in this federal U.S. District, the Middle District of Florida.  At all times material hereto the Defendant Town of White Springs employed a police officers whose actions and omissions are reviewed under the laws of the United States, the United States Constitution, the laws of the State of Florida and the Florida Constitution.

**Factual Allegations**

5.    In 2013, *Fat Belly's Restaurant* was located at 16750 Spring Street in White Springs, Hamilton County, Florida.

6.    On or about October 30, 2013, upon her arrival to work at approximately 3:30 a.m., an employee of *Fat Belly's Restaurant* noticed items out of place prompting her to call

2

the Hamilton County Sheriff's Office ("HCSO") reporting a burglary.

7.    At all times material hereto, an agent or employee of the White Springs Police Department announced to the public that the video surveillance at *Fat Belly's Restaurant* showed three suspects who all wore masks that concealed their identities.

8.    At all times material hereto, an agent or employee of the White Springs Police Department announced to the public that the WSPD had not identified any suspects and that the WSPD had not received information from any credible sources about the identities of any of the three suspects.

9.    At all times material hereto, the Town of White Springs, Florida was vicariously liable for the actions and/or omissions of its agents, employees and officers of the White Springs Police Department.

10.    The deputies and investigators of the White Springs Police Department did not have any fingerprint evidence, witness testimony, DNA ("deoxyribonucleic acid") evidence or other forensic evidence connecting Reginald Ladale Williams to the burglary.

11.    The deputies and investigators of the White Springs Police Department did not have probable cause that Reginald Ladale Williams burglarized *Fat Belly's Restaurant*.

12.    On or about November 8, 2013, an officer of the White Springs Police Department returned to *Fat Belly's Restaurant* to review the video surveillance along with two (2) employees of the restaurant.

13.    Because the video surveillance showed the three suspects wearing masks that concealed their identities, the two (2) employees and the officer could not positively identify any of the three suspects.

14.     On or about November 15, 2013, an agent, employee and/or officer of the White Springs Police Department knowingly and intentionally prepared a false arrest affidavit, a false investigation report and a false arrest & booking report that contained false statements alleging that the two (2) employees of *Fat Belly's Restaurant* provided statements that they positively identified Reginald Ladale Williams as one of the three suspects on the video surveillance.

15.     On or about November 15, 2013, an agent, employee and/or officer of the White Springs Police Department knowingly and intentionally prepared a false arrest affidavit, a false investigation report and a false arrest & booking report that contained a false statement that the investigating officer positively identified Reginald Ladale Williams as one of the three suspects on the video surveillance.

16.     On or about November 16, 2013, Reginald Ladale Williams was falsely arrested and falsely jailed in the Hamilton County Jail based on the false arrest affidavit, false investigation report and false arrest & booking report of the WSPD.

17.     At all times material hereto, Reginald Ladale Williams was initially charged with one (1) felony count of burglary.

18.     At all times material hereto, Reginald Ladale Williams denied the charge and he plead not guilty but, he was denied bail.

19.     At all times material hereto, the other two (2) suspects, having confessed to their involvement in the burglary upon being arrested in November 2013, stated that Reginald Ladale Williams was not involved in the burglary.

20.     On or about July 18, 2014, Reginald Ladale Williams, having served eight (8) months and two (2) days in the Hamilton County Jail, was released when the Office of the State

4

Attorney, Third Judicial Circuit, filed a *Notice of Nolle Prosequi* stating there was insufficient evidence to prove the charge beyond a reasonable doubt.

## Count I - §1983 Claim

21.    The Plaintiff re-alleges the allegations in paragraphs 1 through 20 and incorporates the same herein by reference.

22.    The Defendant Town of White Springs, Florida, its employees and agents, within the scope of their authority and under the color of state law, knowingly, intentionally and recklessly deprived the Plaintiff of his Constitutional rights and privileges, including the right to be free from unreasonable searches, seizures and detention; and the right to not be deprived of life, liberty, or property, without due process of law, by adopting a policy, or participating in a widespread custom and practice as alleged in paragraphs fourteen (14) through twenty (20).

23.    As a direct and proximate result of the Defendant Town of White Springs, Florida's actions, the Plaintiffs sustained injuries and damages including the deprivation and reckless disregard of his Constitutional rights and privileges guaranteed by the Fourth Amendment and the Fifth Amendment which are enforced through the Fourteenth Amendment, and physical injuries, loss of earnings, loss of ability to earn money and emotional pain and suffering.

24.    WHEREFORE, the Plaintiff Reginald Ladale Williams demands judgment against the Defendant Town of White Springs, Florida for damages, injunctive relief, equitable relief and other relief provided by law, including attorney's fees and costs.

## Count II - False Arrest

25.    The Plaintiff re-alleges the allegations in paragraphs 1 through 20 and

5

incorporates the same herein by reference.

26.    The Defendant Town of White Springs, Florida, its agents and employees, within the scope of their authority, falsely, knowingly, intentionally and recklessly arrested the Plaintiff and deprived the Plaintiffs of his state constitutional rights and privileges, including the right to be free from unreasonable searches, seizures and detention, by suborning false statements, by preparing false reports, by adopting a policy, by preparing false or participated in a widespread custom and practice as alleged in paragraphs fourteen (14) through twenty (20).

27.    As a direct and proximate result of the Defendant Town of White Springs, Florida's actions, the Plaintiffs sustained injuries and damages including the deprivation and reckless disregard of his state constitutional rights and privileges, physical injuries and emotional pain and suffering, mental anguish, loss of capacity for the enjoyment of life, loss of ability to perform the usual duties of maintaining his home and household, incurred medical expense in the treatment of the injuries, and loss of earnings and loss of ability to earn money.  These losses are either permanent or continuing in nature, and the Plaintiff will suffer the losses and impairment in the future.

28.    WHEREFORE, the Plaintiff Reginald Ladale Williams demands judgment against the Defendant Town of White Springs, Florida for damages, injunctive relief, equitable relief and other relief provided by law, including attorney's fees and costs.

### Count III - False Imprisonment

29    The Plaintiff re-alleges the allegations in paragraphs 1 through 20 and incorporates the same herein by reference.

30.    The Defendant Town of White Springs, Florida, its agents and employees, within

6

the scope of their authority, falsely, knowingly, intentionally and recklessly jail and/or imprisoned the Plaintiff for approximately eight month (8) months and deprived the Plaintiffs of his state constitutional rights and privileges, including the right to not be deprived of life, liberty, or property, without due process of law, by suborning false statements, preparing false reports or by adopting a policy, or participated in a widespread custom and practice as alleged in paragraphs fourteen (14) through twenty (20).

31.     As a direct and proximate result of the Defendant Town of White Springs, Florida's actions, the Plaintiffs sustained injuries and damages including the deprivation and reckless disregard of his state constitutional rights and privileges, physical injuries and emotional pain and suffering, mental anguish, loss of capacity for the enjoyment of life, loss of ability to perform the usual duties of maintaining his home and household, incurred medical expense in the treatment of the injuries, and loss of earnings and loss of ability to earn money. These losses are either permanent or continuing in nature, and the Plaintiff will suffer the losses and impairment in the future.

32.     WHEREFORE, the Plaintiff Reginald Ladale Williams demands judgment against the Defendant Town of White Springs, Florida for damages, injunctive relief, equitable relief and other relief provided by law, including attorney's fees and costs.

## Demand for Jury Trial

33.    The Plaintiff Reginald Ladale Williams demands a trial by jury on all issues raised herein.

Respectfully submitted,

**REGINALD LUSTER, P.A.**
Attorney at Law

REGINALD LUSTER, ESQUIRE
Florida Bar No. 0750069
1751 University Boulevard South, Suite A
Jacksonville, Florida 32216
Telephone: (904) 725-6655
Facsimile:   (904) 725-6658

Attorney for the Plaintiff Reginald Ladale Williams

8